# SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

## July 8, 1920.

## THE PEOPLE v. FREDERICK W. PARSONS.

(192 App. Div. 841.)

(1) UTTERING FORGED LETTER—EVIDENCE ON BEHALF OF DEFENDANT TO SHOW THAT LETTER WAS AUTHENTIC—EVIDENCE OF OTHER FACTS.

On the trial of an indictment charging the defendant with having feloniously uttered a forged letter, it appeared that the letter was addressed to the defendant and signed with the name of a third person who with his wife had contracted to sell the defendant certain real property, and it was used by the defendant in an action against him by the vendors to recover damages for failing to consummate the land contract, for the purpose of showing that at the time the letter was written the vendors were unable to perform their contract and that, therefore, the failure to consummate the contract was due to the fault of the vendors and their inability to give good title.

*Held,* that it was competent for the defendant to show that the vendors were unable to give good title to the property they had contracted to convey, or any facts that existed which made it probable that they might write a letter such as the one in question.

(2) SAME—CREDIBILITY OF WITNESSES.

So, also, the defendant had a right to prove the existence of claims to title or possession of the property contracted to be sold to him and that the vendors knew of their existence and were negotiating concerning them.

(3) SAME—CROSS-EXAMINATION TO SHOW THAT CREDIBILITY OF WITNESS HAD BEEN IMPUGNED IN ANOTHER CASE.

It was error for the court to require one of defendant's witnesses to testify on cross-examination that in some other case witnesses testified that his reputation was bad and that they would not believe him under oath.

(4) SAME—ERROR NOT CURED BY MERE INSTRUCTION TO DISREGARD EVIDENCE.

It is doubtful whether the effect of such evidence was eradicated from the minds of the jury by the instruction of the court later in the trial to disregard it, unaccompanied by a repudiation of the admissibility of such evidence.

30

(5) SAME—RIGHT OF DEFENDANT'S ATTORNEY TO USE BOOK ON WHICH CROSS-EXAMINATION BASED FOR PURPOSE OF RE-DIRECT EXAMINATION WITHOUT INTRODUCING BOOK IN EVIDENCE.

The district attorney having cross-examined a witness extensively concerning a book previously published by him containing statements supposed to be derogatory to his character, without introducing the book in evidence, the defendant's attorney was entitled to use the book for the purpose of re-direct examination without being compelled to introduce it in evidence.

(6) SAME—INCORRECT CHARGE AS TO CREDIBILITY OF WITNESS WHO HAS SWORN FALSELY.

It was error to charge ''if you should believe that witnesses or a witness has sworn falsely upon some point then you are not bound to give any credit whatsoever to their testimony,'' for the elements of intent of the witness and materiality of his testimony which are essential to give applicability to the rule were admitted.

(7) SAME—SUBSEQUENT CORRECT CHARGE NOT GIVEN AS SUBSTITUTE—DOES NOT CORRECT ERROR.

The error was not corrected by the fact that the court subsequently correctly charged at the request of the defendant, where such subsequent charge was not given as a substitute for the previous incorrect one.

APPEAL by the defendant, Frederick W. Parsons, from a judgment of the Supreme Court, rendered on the 21st day of September, 1918, convicting him of the crime of forgery in the third degree.

*Harry J. Hennessey,* for the appellant.

*Urbane C. Lyons, District Attorney (Floyd E. Anderson,* of counsel), for the respondent.

COCHRANE, J.:

The indictment charges the defendant with having feloniously uttered a forged letter purporting to have been written December 18, 1917, by Griffin S. Ackley. Ackley and his wife brought an action against this defendant and another to recover damages for failing to consummate a contract for the purchase of real estate dated July 11, 1917. The defendants in that action contended that the failure to consummate

the contract was due to the fault of the plaintiffs and their inability to give good title.   On the trial of that action the defendant Parsons produced and introduced in evidence a letter purporting to have been written to him by Mr. Ackley which letter oonstitutes the subject-matter of this indictment.   The materiality and damaging character of the letter as against the plaintiffs in the civil litigation is unquestioned.   It clearly indicated their inability at the time it was written to perform their contract and was apologetic in tone and expressed regret for the delay.   The letter begins as follows:  " I understand that you are ready to close up on our contract of July 11th and I would be glad to get this out of the way; but I find I have some details to work out before handing you the deed.   My Attorneys have the Abstract Deed and Mortgage ready and when I have the minor details I speak of attended to we can get everything settled in a hurry which seems to be the method we both are accustomed in doing business."   If this letter was not authentic the evidence discloses a bold attempt by the defendant by means thereof to defeat the ends of justice and if it was authentic an equally bold attempt on the part of Mr. Ackley to avoid its consequences for a like purpose.   The trial of the indictment was lengthy and much evidence was introduced, some of which was uncomplimentary to both of the principal actors in the controversy, but on all the conflicting evidence the jury has determined that the letter was not authentic and that the defendant is responsible therefor and made a criminal use thereof.   If the trial was conducted without prejudicial error no reason exists for interfering with the execution of the judgment.   But we are of the opinion that errors were committed which cannot be overlooked.

As bearing on the question of the genuineness of the letter it was clearly competent for the defendant to show that Mr. Ackley and his wife were unable to give good title to the property they had contracted to convey or that any facts existed which made it probable that he might write a letter

such as the one in question.     He certainly would not have
written such a letter unless such facts had existed, and to
deprive the defendant of the right to show their existence was
to deprive him of a highly important advantage if he could
succeed in so doing.     The defendant attempted to show by the
cross-examination of Mr. Ackley that at the time the letter in
question was written a man by the name of Van Auken had
inclosed part of the property in question and that other parties
were claiming ownership to portions thereof and that Mr.
Ackley at that time was negotiating with a view to acquiring
undisputed title.     The defendant explained to the court the
purpose of the testimony and called attention to the opening
sentence in the letter containing the words, " I find I have some
details to work out before handing you the deed," and urged
that the " details " referred to the disputed title.     The court
excluded the testimony.     Thereafter in the course of the trial
the district attorney showed specifically by Mr. Ackley and by
one of the attorneys who represented him in the real estate
transaction that there were no " details to work out " before
closing that contract.     Notwithstanding the receipt of this
testimony the former ruling was adhered to against the defend-
ant.     Subsequently he called Mr. Van Auken as a witness and
attempted to prove by him that on December 18, 1917, he had
inclosed a portion of the land in question and was occupying
and in possession of the same, which testimony was excluded.
The defendant stated to the court that he had other witnesses
bearing on the same question and was informed that it would
be useless to call them.     Of course the court did not have to try
in this action the question of title nor determine whether or not
the claims to title or possession of the property were well
founded, but certainly the defendant had a right to prove the
existence of those claims and that Mr. Ackley knew of their
existence and was negotiating concerning them.     It must be
assumed on this appeal that the defendant would have satisfied
the jury that a controversy existed concerning the title or that

Mr. Ackley was negotiating with a view to perfecting such title, and it is impossible to say that such fact might not have been a controlling consideration in the deliberations of the jury as to the authenticity of the letter. Although the district attorney procured the exclusion of the testimony above indicated he does not on this appeal attempt to justify the ruling, and in our opinion it cannot be justified.

One of the witnesses of the defendant was required to testify on cross-examination that in some former trial witnesses testified that his reputation was bad and that they would not believe him under oath. This was clearly erroneous. At a subsequent session of the court the trial justice expressed doubts as to the propriety of this evidence and instructed the jury to disregard it. But the evidence was left in the case and it is doubtful whether its effect was eradicated from the minds of the jury by the mild instruction of the court unaccompanied as it was by the repudiation of the admissibility of such evidence. Evidence of that character must impress a jury and it is doubtful whether they could banish it from their minds and whether it did not unconsciously affect their estimation of the witness even though they made an honest effort to forget it. The same witness was cross-examined extensively concerning a book or pamphlet previously published by him containing statements supposed to be derogatory to his character. The defendant on re-direct examination of the witness asked permission to see the book for the purpose of conducting such examination which was denied unless he would offer it in evidence. The district attorney had introduced the subject and conducted his examination without offering the book in evidence and the defendant was entitled to the same privilege.

It was error to charge the jury: " If you should believe that witnesses or a witness has sworn falsely upon some point, then you are not bound to give any credit whatsoever to their testimony." Undoubtedly the learned trial justice inadvertently omitted from his statement the elements of intent of the witness

and materiality of his testimony which were essential to give applicability to the rule.    The rule was subsequently correctly charged at the request of the defendant but such correction was not charged as a substitute for the previous incorrect charge to which exception was taken.    The jury were left at liberty to be guided by the first statement.

In the course of a long trial minor errors frequently occur. We are properly commanded by section 542 of the Code of Criminal Procedure to disregard such as do not affect the substantial rights of the defendant.    Some of the errors which we have mentioned as well as others not mentioned might, separately considered, be disregarded as unsubstantial.    But we cannot regard as unsubstantial all of the errors above mentioned.    We are not satisfied that the defendant would have been convicted if his rights had been fully protected in the particulars indicated.

The judgment should be reversed and a new trial granted.

All concur.

Judgment of conviction reversed and new trial granted.